```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
PETER MIONE and ANNE MIONE, as parents     :
and natural guardians of Alexis Mione,
an infant and John Mione, an infant,       :     **NON-ECF CASE**

                           Plaintiffs,     :     05 Civ. 2211 (WCC)

          - against -                      :
                                                 **OPINION**
KEVIN McGRATH, TONYA BERNITT, SULLIVAN     :     **AND ORDER**
COUNTY SHERIFF'S DEPARTMENT, VILLA ROMA
RESORT HOTEL, SULLIVAN COUNTY and "JOHN    :
DOE" and "JANE DOE," full names unknown
but believed to be individuals involved    :
in the acts complained of herein,
                                           :
                           Defendants.
-------------------------------------------X
```

**A P P E A R A N C E S :**

                                 PETER MIONE and ANNE MIONE
                                 **Plaintiffs Pro Se**
                                 31 Chelsea Drive
                                 Oldbridge, NJ 08857


                                 NAPIERSKI, VanDENBURGH &
                                   NAPIERSKI, L.L.P.
                                 **Attorneys for Defendants**
                                   **Kevin McGrath, Tonya Bernitt**
                                   **and Villa Roma Resort Hotel**
                                 296 Washington Avenue Extension
                                 Albany, New York 12203

SHAWN T. NASH, ESQ.

    Of Counsel


                                 MICHAEL FREY, ESQ.
                                 **Attorneys for Defendants**
                                 **Sullivan County Sheriff's**
                                 **Department and Sullivan County**
                                 46 River Road
                                 Barryville, NY 12719

MICHAEL FREY, ESQ.

    Of Counsel

**CONNER, Senior D.J.:**

Plaintiffs Peter Mione ("Mione") and Anne Mione, on behalf of themselves and apparently their minor children, A.M. and J.M., bring the instant action against defendants Sullivan County (the "County"), the Sullivan County Sheriff's Department (the "Department"), the Villa Roma Resort Hotel (the "Hotel"), Hotel employees Kevin McGrath and Tonya Bernitt, as well as John Doe and Jane Doe for alleged violations of plaintiffs' civil rights under 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Defendants now move to dismiss the action for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). For the following reasons, defendants' motion is granted.

## BACKGROUND

According to the limited information that can be gleaned from the woefully deficient Complaint, plaintiffs' action stems from "the unlawful and improper detention of plaintiff's child and subsequent prosecution" of plaintiff on charges of abuse and endangering the welfare of a child in Sullivan County Court. (Complt. ¶ 1.) The Complaint states that on November 27, 1998, while plaintiffs were guests of the Hotel, Mione "was caused to reprimand" J.M. (*Id.* ¶ 13.) His actions prompted McGrath and Bernitt to notify the Department and, after an investigation, the Department, in conjunction with the County, instituted neglect and endangerment proceedings against Mione.[1] (*Id.* ¶¶ 15-16.)

The Complaint alleges that defendants proceeded to prosecute these charges despite lacking

---

[1] The Complaint contains no facts regarding Mione's behavior, the nature of the investigation, or which Department and/or County officials were involved in the events giving rise to plaintiffs' action.

1

probable cause to believe any harm had befallen Mione's son and despite "the existence of clear exculpatory evidence." (*Id.* ¶¶ 18-20, 22, 25.) Defendants are accused of failing "to properly investigate the facts surrounding the injury to" J.M. (*Id.* ¶¶ 23-24.) As a result of the continued prosecution, "[p]laintiffs were forced to make numerous appearances in Court." (*Id.* ¶ 27.) On February 5, 1999, the charges against Mione were dismissed by the county court. (*Id.* ¶ 29.)

Plaintiffs, with the assistance of counsel, subsequently filed two separate actions in state court. The first, filed on or about February 23, 2000, alleged libel, slander, emotional distress, false arrest and false imprisonment. That action was dismissed by Decision and Order of Judge Meddaugh of the New York State Supreme Court for Sullivan County, dated January 8, 2003, for failure to timely serve the defendants in accordance with C.P.L.R. 3012(b). (Nash Decl., Ex. E.) The second, filed in and around June 2003, also was dismissed on the same grounds. (*Id.*, Ex. F.) Plaintiffs, through their attorney, then filed this Complaint on November 13, 2003 in the United States District Court for the Eastern District of New York, and the case was transferred pursuant to 28 U.S.C. § 1404(a) and assigned to this Court.[2] (*Id.*, Ex. D.)

## DISCUSSION

### I. Standard of Review

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the issue is "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984). A court's task in

---

[2] The Complaint was drafted by plaintiffs' attorney, who subsequently was disbarred for reasons not relevant to this Opinion and Order. Plaintiffs now are proceeding *pro se*. Plaintiffs elected not to file papers opposing defendants' motion.

determining the sufficiency of a complaint is "necessarily a limited one." *Id.* A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. United States*, 82 F.3d 23, 26 (2d Cir. 1996) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10 (1980)). Generally, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed. 1997); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995).

"In assessing the legal sufficiency of a claim, the Court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference . . . and documents that are 'integral' to plaintiff's claims, even if not explicitly incorporated by reference." *John v. N.Y.C. Dep't of Corrs.*, 183 F. Supp. 2d 619, 627 (S.D.N.Y. 2002) (Conner, J.) (internal citations omitted). On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all of the well-pleaded facts and consider those facts in the light most favorable to the plaintiff. *See Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993); *In re AES Corp. Sec. Litig.*, 825 F. Supp. 578, 583 (S.D.N.Y. 1993) (Conner, J.).

**II.     Statute of Limitations**

According to the Complaint, the events giving rise to plaintiffs' allegations are confined to the period of November 27, 1998 to February 5, 1999. In New York, the statute of limitations for § 1983 claims is three years from the date of accrual. *See, e.g.*, *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). Section 1983 claims accrue when a plaintiff learns or has reason to

learn of the alleged injury that forms the basis of the action. *See*, *e.g.*, *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). Section 1985 claims also have a three-year statute of limitations. *See*, *e.g.*, *Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001). Section 1981 actions, however, have a four-year statute of limitations. *See Henderson v. State of New York*, 423 F. Supp. 2d 129, 141 (S.D.N.Y. Mar. 14, 2006) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004)). Finally, § 1986 expressly provides for a one-year statute of limitations from when the cause of action accrued. *See* 42 U.S.C. § 1986; *see also Powers v. Karen*, 768 F. Supp. 46, 50 (E.D.N.Y. 1991).

To the extent plaintiffs assert claims for false arrest, that claim accrued on the date of the arrest, or November 27, 1998. However, Mione's claim for malicious prosecution accrued on the date of dismissal, or in this case February 5, 1999. *See Stephenson v. Rosa*, No. 03 Civ. 8503, 2006 WL 464081, at *2 (S.D.N.Y. Feb. 24, 2006). Regardless, plaintiffs filed their action on November 13, 2003, nearly five years after their alleged injuries accrued and well past the time allowed by all the applicable statutes of limitation.

The fact that plaintiffs are now proceeding *pro se* is of no moment. "[S]tatutes of limitations are strictly enforced, 'even where the plaintiff is *pro se*.'" *Garland-Sash v. City of New York*, No. 04 Civ. 0301, 2005 WL 2133592, at *3 (E.D.N.Y. Sept. 1, 2005) (quoting *Hamilton v. Wilson*, 2004 U.S. Dist. LEXIS 957, at *11 (S.D.N.Y. Jan. 21, 2004)). Nor does the fact that plaintiffs had filed state court actions change this outcome. *See Perez v. City of New York*, No. 87 Civ. 4862, 1988 U.S. Dist. LEXIS 417, at *1 (S.D.N.Y. Jan. 25, 1988) (citing *Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 491 (1980) ("Under New York law, [a § 1983 claim] is not tolled while a state action is underway."); *see also Plumey v. New York State*, 389 F. Supp. 2d 491, 497

(S.D.N.Y. 2005).

However, to the extent the Complaint could be found to assert a cause of action on behalf of J.M. or A.M., both minors, those claims would not be time barred because N.Y. C.P.L.R. § 208 tolls the normal statute of limitations during infancy. *See Velez v. Reynolds*, 325 F. Supp. 2d 293, 311 (S.D.N.Y. 2004).

### III. <u>Dismissal Under FED. R. CIV. P. 8</u>

"Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are insufficient as a matter of law." *Fieldcamp v. City of New York*, 242 F. Supp. 2d 388, 389 (S.D.N.Y. 2003) (Conner, J.); *see also Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978). Under the relaxed federal pleading requirements, it is enough that the pleading "contain 'a short and plain statement of the claim' sufficient to put the [adverse party] on notice of the grounds for which the [claimant] seeks relief." *Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*, 893 F. Supp. 285, 291 (S.D.N.Y. 1995) (Conner, J.) (quoting FED. R. CIV. P. 8(a)(2)). "[T]he principal function of pleadings under the Federal Rules is to give the adverse party fair notice . . . so as to enable [that party] to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (dismissal under Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised"). Although the pleading requirements are construed liberally, "[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule

12(b)(6) will be granted." 2 MOORE'S FEDERAL PRACTICE § 12.34[1][b], at 12-60 (3d ed.).

First, we note that the Complaint makes no mention whatsoever of plaintiff A.M., thus negating any cause of action on her behalf. Second, the Complaint's single allegation relating to Anne Mione is that she "was deprived of her usual and customary vocation and avocation as a result of the aforesaid actions of defendants, has sustained economic loss and will sustain economic loss in the future." (Complt. ¶ 33.) We can discern no basis for a constitutional violation based on that statement. Third, the Complaint contains no factual allegations supporting its initial allegation—in the "Nature of the Action" section—that J.M. was the subject of "unlawful and improper detention." (Complt. ¶ 1.) Consequently, plaintiffs have failed to put forth sufficient information to establish the existence of a justifiable legal action. However, it appears that Mione has satisfied the provisions of Rule 8 with allegations sufficient to put defendants on notice of his claims rooted in the law of malicious prosecution.[3] Regardless, his cause of action is time-barred.

It remains unclear how or where the John Doe and Jane Doe defendants fit into plaintiffs' action. If these unnamed defendants are police officers or prosecutors, then issues of qualified immunity or prosecutorial immunity arise. Regardless, the Court sees no reason why these

---

[3] In New York, § 1983-based malicious prosecution claims require a plaintiff to prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) (internal quotations omitted). "There must be 'a showing of some deliberate act punctuated with awareness of "conscious falsity" to establish malice.'" *Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 423 (S.D.N.Y. 2002) (quoting *Caldarola v. DeCiuceis*, 142 F. Supp. 2d 444, 452 (S.D.N.Y. 2001)).

While the Court notes that Mione's claims against the County and the Department suffer from *Monell* pleading deficiencies, we feel it unnecessary to comment further on this topic given that his claims are time-barred. *See, e.g.*, *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658 (1978).

defendants should not be dismissed from the action given the fact that the Complaint fails to make any allegations of how their behavior contributed to the events of this action, or even to list them in the "Parties" section. *See Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (Rule 12(b)(6) motion will "lie to permit each particular defendant to eliminate those causes of action as to which no set of facts has been identified that support a claim against him" (emphasis omitted)).

## IV. Dismissal of Claims Under Sections 1981, 1985 and 1986

Plaintiffs' claims under §§ 1981, 1985 and 1986 likewise would fail even if they were not barred by the respectively applicable statutes of limitation or had been sufficiently pled under Rule 8. Section 1981 "prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, [and it] covers . . . efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations." *Mian v. Donaldson, Lufkin & Jenrett Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). A § 1981 claim requires plaintiff to allege: (1) that he is a member of a racial minority; (2) that defendants had an intent to discriminate against him on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute, namely make and enforce contracts, sue and be sued, give evidence, etc. *See id.* To survive a motion to dismiss, plaintiff's complaint must assert "that the defendant[s'] acts were purposefully discriminatory . . . and racially motivated." *Albert v. Carovano*, 851 F.2d 561, 571-72 (2d Cir. 1988) (en banc). The Complaint is devoid of any allegations regarding race or racial discrimination. Accordingly, no § 1981 action has been stated.

For similar reasons, plaintiffs' § 1985 cause of action also must fail.[4] Narrower in scope than § 1983, *see Blankman v. County of Nassau*, 819 F. Supp. 198, 205 (E.D.N.Y. 1993), under § 1985(3) a plaintiff must plead "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of the citizens of the United States.'" *Fox v. City of New York*, No. 03 Civ. 2268, 2004 WL 856299, at *9 (S.D.N.Y. Apr. 20, 2004) (quoting *Mian*, 7 F.3d at 1087-88). "A plaintiff states a viable cause of action under § 1985 [excepting clause 1 of § 1985(2)] only by alleging a deprivation of his rights on account of his membership in a particular class of individuals." *Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir. 1987) (modification in original). Here, plaintiffs' § 1985 claim "fails because [they] do not allege any facts that would permit the Court to conclude or infer that the named defendants were conspiring or that [plaintiffs were] targeted on account of [their] race." *Amadasu v. Ngati*, No. 05 Civ. 2585, 2006 WL 842456, at *7 (E.D.N.Y. Mar. 27, 2006). Accordingly, this claim also is dismissed.

Lastly, plaintiffs' § 1986 fails because plaintiffs' "failure to state a claim under Section 1985 is fatal to [their] Section 1986 claim." *Id.* (citing *Mian*, 7 F.3d at 1088).

## V. State Actor Requirement

Even if the statute of limitations did not bar the claims against the Hotel, McGrath and Bernitt, the claims against them still fail. "In order to state a claim under § 1983, a plaintiff must

---

[4] Although the Complaint does not specify, it appears to this Court that plaintiffs intended the action to fall under § 1985(3).

allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). A private actor acts under color of state law when the private actor "is a willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (internal quotations omitted). A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity. *See Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). Courts in the Second Circuit have repeatedly ruled that contacting the police to alert them to a potential or alleged crime falls short of § 1983's state action requirement. *See*, *e.g.*, *Johns v. Home Depot U.S.A., Inc.*, 221 F.R.D. 400, 405 (S.D.N.Y. 2004) (collecting cases). Accordingly, plaintiffs are unable to allege a § 1983 action against the Hotel, McGrath or Bernitt.

## VI. Supplemental Jurisdiction

"[B]ecause plaintiffs no longer have any viable federal claim, any remaining state law claims belong in state, rather than federal, court." *Sadallah v. City of Utica*, 383 F.3d 34, 40 (2d Cir. 2004); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). Although we believe plaintiffs' state law claims are time-barred as well, we nevertheless must decline to exercise supplemental jurisdiction over plaintiffs' malicious prosecution and New York State constitution claims.

## CONCLUSION

For all of the foregoing reasons, the motions of defendants Sullivan County (the "County"),

the Sullivan County Sheriff's Department (the "Department"), Villa Roma Resort Hotel (the "Hotel"), Hotel employees Kevin McGrath and Tonya Bernitt, John Doe and Jane Doe to dismiss pursuant to FED. R. CIV. P. 12(b)(6) are granted. The claims of plaintiff Peter Mione and those of Anne Mione, if any, are dismissed with prejudice as to all defendants as a consequence of being past the relevant statute of limitations periods, and, in addition, as to the Hotel, McGrath and Bernitt for failure to meet, as a matter of law, the state actor requirement of § 1983. The claims of the minor children J.M. and A.M., if any, are dismissed without prejudice with leave to file an amended complaint at any time prior to the expiration of the presently tolled applicable statutes of limitation.

SO ORDERED.

Dated: White Plains, New York
       June 1, 2006

*William C. Conner*
Sr. United States District Judge